IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO NIEVES-NARANJO and his children
KIANA NIEVES-PEREZ AND JULIO E.
NIEVES-RIVERA

Plaintiffs

vs

UNITED STATES OF AMERICA
FEDERAL BUREAU OF PRISONS

Defendants

CIVIL 04-2250CCC

# O R D E R

This action, filed pursuant to the Federal Tort Claims Act (FTCA) is before us on Defendant's Motion to Dismiss, filed June 9, 2005 **(docket entry 9),** with an accompanying Memorandum **(docket entry 10).** Plaintiffs opposed the motion[1] **(docket entry 19).** The United States contends that the suit is time barred because plaintiff Julio Nieves-Naranjo first developed the ear infection in May or June 2001 and plaintiffs did not file their administrative claim before the agency until July 2, 2003, more than the two years allowed under the Federal Tort Claims Act, 28 U.S.C. §2401(b). Although normally a tort claim accrues at the time of injury, the Supreme Court in United States v. Kubrick, 100 S.Ct. 352 (1979), created a "discovery rule" exception for the FTCA claims involving medical malpractice. The Court held that such claims accrue when a plaintiff has factual knowledge of both the existence and the cause of his injury. Cascone v. United States, 370 F.3d. 95, 103 (1st Cir. 2004).

According to the allegations of the complaint, the opposition to the motion and its attachments, Nieves-Naranjo's injury to his ears became severe in October, 2001 when his condition became extremely painful, and he experienced hearing loss and other symptoms of permanent damage. It was at that point that he believed that he developed more than a passing, temporary. It was not until on or about January 8, 2002 that he finally saw an ear specialist, Dr. Antonio Dueño, who told him that his ear problem could have been favorably resolved if he had received prompt and adequate treatment on or around September 2001. Under Cascone, supra, plaintiff did not have factual knowledge of the existence of his injuries until October 2001. He did not know the cause of his injuries until he was told by Dr. Dueño

---

[1]Incorrectly identified as an Opposition to Summary Judgment.

CIVIL 04-2250CCC                                    2

in January 2002, that he had not received proper treatment early enough. Therefore, pursuant to <u>Cascone</u>, the claim did not accrue until January 2002 and plaintiff's administrative complaint filed on July 2, 2003 was filed well within the two years allowed under the Federal Tort Claims Act.

    Accordingly, the Motion to Dismiss (**docket entry 9**) is DENIED.
    SO ORDERED.
    At San Juan, Puerto Rico, on October 27, 2005.

                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge